**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| ELI LILLY AND COMPANY, | |
| *Plaintiff*, | |
| v. | |
| ROBERT F. KENNEDY JR., in his official capacity, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, | Case No. 1:24-cv-1503-TWP-KMB |
| and | |
| MARTIN MAKARY, in his official capacity, and FOOD AND DRUG ADMINISTRATION, | |
| *Defendants*. | |

<u>**PLAINTIFF ELI LILLY AND COMPANY'S NOTICE OF APPEAL**</u>

Pursuant to Federal Rules of Appellate Procedure 3(a)(1) and 4(a)(1)(B), notice is hereby given that Plaintiff Eli Lilly and Company appeals to the United States Court of Appeals for the Seventh Circuit from this Court's order and final judgment dated December 17, 2025, as well as from all interlocutory and preceding orders subsumed in the final judgment. Pursuant to Seventh Circuit Rule 3(c), Lilly's docketing statement is being simultaneously filed.

Dated: February 12, 2026                    Respectfully submitted,

 

<u>*Jayna M. Cacioppo*</u>
Jayna M. Cacioppo, Attorney No. 25514-49
Donald Morgan, Attorney No. 30776-49
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Ph. No. (317) 713-3500
Fax No. (317) 713-3699
jcacioppo@taftlaw.com
dmorgan@taftlaw.com

Allon Kedem* (pro hac vice)
Jeffrey L. Handwerker (pro hac vice)
Daniel Yablon (pro hac vice)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
allon.kedem@arnoldporter.com
jeffrey.handwerker@arnoldporter.com
daniel.yablon@arnoldporter.com

*Counsel for Plaintiff Eli Lilly and Company*

* Allon Kedem will serve as counsel of record in
the Court of Appeals

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2026, the foregoing *Plaintiff Eli Lilly and Company's Notice of Appeal* was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*Jayna M. Cacioppo*
Jayna M. Cacioppo

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ELI LILLY AND COMPANY, | |
| *Plaintiff*, | |
| v. | |
| ROBERT F. KENNEDY JR., in his official capacity, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, | Case No. 1:24-cv-1503-TWP-KMB |
| and | |
| MARTIN MAKARY, in his official capacity, and FOOD AND DRUG ADMINISTRATION, | |
| *Defendants*. | |

## DOCKETING STATEMENT

Plaintiff-Appellant Eli Lilly and Company submits this docketing statement pursuant to Seventh Circuit Rule 3(c).

### I.      Jurisdiction of the District Court

This action arose under, and asserted violations of, the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, and the Public Health Service Act, 42 U.S.C. § 201 *et seq.*, and the district court accordingly had jurisdiction over this action under 28 U.S.C. §§ 1331, 1346, 1361, and 5 U.S.C. §§ 701-06.

### II.      Jurisdiction of the Court of Appeals

The United States Court of Appeals for the Seventh Circuit has jurisdiction over this appeal under 28 U.S.C. §§ 1291 and 1292(a)(1). Lilly seeks review of a final judgment in a case in which

a federal agency is a party, entered by the district court on December 17, 2025 (ECF No. 54). That judgment disposed of all of Lilly's claims as to all parties and denied the permanent injunctive relief it sought. No party filed a motion to alter the judgment or any other motion tolling the time within which to appeal, and Lilly timely noticed this appeal on February 11, 2026, within sixty days of the district court's final judgment. *See* Fed. R. App. P. 4(a)(1)(B).

### III.    Prior or Related Appellate Proceedings

There are no prior or related appellate proceedings.

### IV.    Additional Requirements of Circuit Rule 3(c)(1)

Two federal officials are parties to this litigation in an official capacity. Robert F. Kennedy, Jr., is the Secretary of the Department of Health and Human Services. Martin Makary is the Commissioner of the Food and Drug Administration.

This case does not involve a criminal conviction or a collateral attack on a criminal conviction, nor is there any prior relevant litigation in the district court that satisfies the criteria of 28 U.S.C. § 1915(g).

Dated: February 12, 2026                         Respectfully submitted,

*Jayna M. Cacioppo*
Jayna M. Cacioppo, Attorney No. 25514-49
Donald Morgan, Attorney No. 30776-49ta
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Ph. No. (317) 713-3500
Fax No. (317) 713-3699
jcacioppo@taftlaw.com
dmorgan@taftlaw.com

Allon Kedem* (pro hac vice)
Jeffrey L. Handwerker (pro hac vice)
Daniel Yablon (pro hac vice)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
allon.kedem@arnoldporter.com
jeffrey.handwerker@arnoldporter.com
daniel.yablon@arnoldporter.com

*Counsel for Plaintiff Eli Lilly and Company*

* Allon Kedem will serve as counsel of record in
the Court of Appeals

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2026, the foregoing *Docketing Statement* was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*Jayna M. Cacioppo*
Jayna M. Cacioppo

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

ELI LILLY AND COMPANY,

        *Plaintiff*,

   v.

ROBERT F. KENNEDY JR., in his official
capacity, and U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

and

MARTIN MAKARY, in his official capacity, and
FOOD AND DRUG ADMINISTRATION,

        *Defendants*.

Case No. 24-cv-1503-TWP-KMB

## ORDER AND FINAL JUDGMENT

The Court, having made its Entry directing the entry of final judgment, now enters

**FINAL JUDGMENT**.

For the reasons explained in the Court's Amended Order on Cross-Motions for Summary

Judgment (Filing No. 48), it is hereby ORDERED that Plaintiff's Motion for Summary Judgment

(Filing No. 25) is **GRANTED IN PART** and **DENIED IN PART**, and that Defendants' Cross

Motion for Summary Judgment (Filing No. 30) is **GRANTED IN PART** and **DENIED IN**

**PART**.

Consistent with the Court's Amended Order on Cross-Motions for Summary Judgment, the Court hereby **VACATES** the agency's designation decision and **REMANDS** to the agency for further proceedings on Plaintiff's "analogous" products claim.

This Order and Final Judgment constitutes a final judgment of the Court within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure.

Date: 12/16/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Kristine L. Seufert, Clerk

BY: _____
Deputy Clerk, U.S. District Court

Service will be made electronically on all
ECF-registered counsel of record via
email generated by the court's ECF
system.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-01503-TWP-KMB |
| | ) | |
| ROBERT KENNEDY, JR. in his official capacity, | ) | |
| U.S. DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| MARTIN MAKARY in his official capacity, | ) | |
| FOOD AND DRUG ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED[1] ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on cross-motions for summary judgment filed by Plaintiff Eli Lilly and Company ("Lilly") (Filing No. 25) and Defendants Robert F. Kennedy, Jr., Mark A. Makary, Food and Drug Administration ("FDA"), and U.S. Department of Health and Human Services ("HHS") (collectively, "Defendants") (Filing No. 30). Lilly initiated this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, after FDA denied Lilly's request to designate its product, "retatrutide," as a biological product. (Filing No. 1). For the reasons stated below, Lilly's Motion is **granted in part** and **denied in part**, and Defendants' Motion is **granted in part** and **denied in part**.

## I.     BACKGROUND

### A. **Statutory and Regulatory Background**

The FDA is an administrative agency within the U.S. Department of Health and Human Services ("HHS") that regulates food and drug products under several statutes. One such statute,

---

[1] To clarify what the Court has decided, Amendments include the second paragraph on page 7, second full paragraph on page 12, first sentence in the last paragraph on page 15, and the conclusion on page 16.

the Public Health Service Act ("PHSA"), prohibits the sale of "biological products" without a biologics license issued by the FDA. 42 U.S.C. § 262(a).[2] As originally enacted, the PHSA excluded proteins from the definition of "biological products." In 2009, however, Congress amended the statutory definition of "biological product" to include a "protein (except any chemically synthesized polypeptide), or analogous product … applicable to the prevention, treatment, or cure of a disease or condition in human beings." 42 U.S.C. § 262(i)(1) (2009).

After the 2009 amendment, FDA issued a memorandum interpreting the category of "protein (except any chemically synthesized polypeptide)" in the amended definition of "biological product." (Filing No. 35 at 4).[3] The FDA determined that the term "protein" means "any alpha amino acid polymer with a specific defined sequence that is greater than 40 amino acids in size." *Id.* The term "chemically synthesized polypeptide" means "any alpha amino acid polymer that is: (a) made entirely by chemical synthesis; and (b) less than 100 amino acids in size." *Id.* In addition, FDA opined that "[a]ll amino acids that are constituents of proteins are alpha amino acids because they have the carboxyl group linked to the alpha carbon of their carbon chain." *Id.* at 4 & n.3

In 2019, Congress again amended the PHSA to remove the parenthetical "(except any chemically synthesized polypeptide)," but did not otherwise define "protein" or "analogous product." *See* Pub. L. 116-94, Div. N, Title I, § 605, Dec. 20, 2019; 42 U.S.C. § 262(i)(1) (2019). As a result, FDA promulgated a final rule defining "protein" as follows:

> "any alpha amino acid polymer with a specific, defined sequence that is greater than 40 amino acids in size. When two or more amino acid chains in an amino acid polymer are associated with each other in a manner that occurs in nature, the size of the amino acid polymer … will be based on the total number of amino acids in

---

[2] To facilitate the approval of biologics licenses, the PHSA provides that "[t]he Secretary [of HHS] shall establish, by regulation, requirements for the approval, suspension, and revocation of biologics licenses." *Id.* § 262(a)(2)(A).

[3] As with all citations to the judicial record, citations to the Administrative Record (Filing No. 35) refer to the page number assigned by CM/ECF found at the top of the page in blue font.

those chains, and will not be limited to the number of amino acids in a contiguous sequence."

21 C.F.R. § 600.3(h)(6).  In developing the final rule, FDA explained that "despite the lack of precise, agreed-upon definitions, most, if not all, sources agree" that "protein … refer[s] to amino acid polymers (also referred to as 'amino acid chains') made up of alpha amino acids that are linked by peptide bonds." (Filing No. 35 at 192).

The Federal Food, Drug, and Cosmetic Act provides further guidelines for requesting and approving biologics licenses.  21 U.S.C. § 360bbb-2.  A company seeking FDA approval to market a new product may submit a "request for designation" asking the agency to classify its product as a drug or biological product.  *Id.* § 360bbb-2(a).  After receiving the request, the agency must determine the classification of a product and provide a written statement to that effect within sixty (60) days after receipt of the designation request.  *Id.* § 360bbb-2(b).  If the Secretary fails to provide a statement within the sixty-day period, then the recommendation of the product's sponsor will be considered the final determination of the product's classification.  *Id.* § 360bbb-2(c).

B. **Lilly's Request for Designation**

Plaintiff Lilly is the sponsor of "retatrutide," a product developed to treat obesity, obstructive sleep apnea, knee osteoarthritis, and type 2 diabetes.  (Filing No. 35 at 231).  On November 9, 2023, Lilly submitted an initial Request for Designation seeking to classify retatrutide as a biological product.  *See id.* at 227.  FDA requested additional information from Lilly, and the company submitted a superseding request on January 29, 2024.  *Id.*

Lilly's Request for Designation describes retatrutide's unique chemical, physical, or biological composition as follows:

Retatrutide is an alpha amino acid polymer that contains a specific, defined sequence of 41 amino acids cumulatively, comprising a backbone of 39 alpha amino acids and a second (associated) chain of one residue each of gamma-glutamate and

3

8-amino-3,6-dioxaoctanoic acid (ADO). The associated chain of two amino acids is covalently bound to the backbone of 39 amino acids through an amide bond between the epsilon-amino group of a lysine residue and the carboxyl group of ADO.

*Id.* at 228. Lilly further explains that "ADO has additional carbons (and oxygens) between the amino group and the carboxyl group … and it is more complex than many alpha amino acids that meet the definition in the FDA memo." *Id.* at 230. Accordingly, Lilly argued that retatrutide met the regulatory definition of "protein" because (1) it has a "specific, defined sequence"; (2) its chains "are associated with each other in a manner that occurs in nature"; and (3) it is an "alpha amino acid polymer that is greater than 40 amino acids in size." *Id.* at 236. With respect to the third requirement, Lilly argued that "FDA should count all amino acids in retatrutide, including non-alpha amino acids, if any, in assessing protein status." *Id.* at 235.

On March 18, 2024, FDA responded in a "letter of designation" classifying retatrutide as a drug rather than a biological product. *Id.* at 251. FDA determined that retatrutide is not a biological product because it does not meet the regulatory definition for "protein." *Id.* In the agency's view, retatrutide is not a protein "because it is not an alpha amino acid polymer with a specific defined sequence greater than 40 amino acids in size." *Id.* at 254. At most, says FDA, retatrutide contains 40 alpha amino acids and 1 non-alpha amino acid. *See id.* Because proteins must have more than 40 *alpha* amino acids, retatrutide does not count. *Id.* at 254.

To support its conclusion, FDA first explained "it is common scientific knowledge that proteins are composed of alpha amino acids." *Id.* The agency reasoned that "textbooks describe that alpha amino acids are the building blocks for all proteins found in nature" and "[a]lthough more than 300 amino acids exist in nature, proteins of humans are synthesized almost exclusively from 20 alpha amino acids." *Id.* at 254–55. Second, FDA reasoned that "the reference to 'alpha amino acid polymer' at the beginning of the definition makes clear that only alpha amino acids are

relevant to determining whether something is a protein, which is consistent with commonly understood scientific principles." *Id.* at 255.

FDA also concluded that retatrutide is not "analogous to a protein" because "being greater than 40 *alpha* amino acids is a fundamental, defining property of a protein, which retatrutide does not have." *Id.* at 259. According to the agency, "it would not be appropriate for the statutory term 'analogous product' to be interpreted in a way that would include products that are specifically excluded by this final rule." *Id.* at 258. Adopting Lilly's argument, FDA argued, would "defeat the purpose of the bright line rule because FDA would frequently have to evaluate on a case-by-case basis the features of a particular molecule to determine if it is analogous to a protein." *Id.*

C. **Procedural Background**

Lilly filed its complaint for declaratory and injunctive relief on September 3, 2024. (Filing No. 1). Lilly challenges FDA's refusal to designate retatrutide as a protein as exceeding the agency's statutory authority, violative of the agency's regulations, and arbitrary and capricious. *Id.* at 26–27. Lilly requests that the Court (1) declare that Defendants' denial of Plaintiff's request for designation of retatrutide as a biological product is arbitrary, capricious, an abuse of discretion, and unlawful under the APA; (2) enter an injunction requiring Defendants to designate retatrutide as a biological product; and (3) award Plaintiff reasonable attorneys' fees and costs. *Id.* at 28.

Lilly moved for summary judgment on January 28, 2025. (Filing No. 25). The Defendants cross-moved for summary judgment on March 18, 2025. (Filing No. 30). The parties then filed a sealed joint appendix comprised of the administrative record and documents in support of the motions. (Filing No. 35). On August 7, 2025 the Court heard oral argument on the parties cross-motions. The motions are now ripe for the Court's decision.

## II.    <u>LEGAL STANDARD</u>

In the normal course, summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In cases arising under the APA, however, the summary judgment standard in Rule 56 does not apply. *RJMC Farms, LLC v. Vilsack*, 661 F. Supp. 3d 826, 832 (S.D. Ind. 2023) (citations omitted). In APA cases, "summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." *Id.* (quoting *Heather S. by Kathy S. v. Wisconsin*, 125 F.3d 1045, 1052 (7th Cir. 1997) (quotation marks omitted)). "Put differently, the facts have already been determined by the agency, which means the entire case on review is a question of law." *Id.* (citation and quotation marks omitted).

Under the APA, the ultimate question is whether the agency action was arbitrary, capricious, an abuse of discretion, not in accordance with the law, or in excess of the agency's statutory authority. 5 U.S.C. §§ 706(2)(A), (C). The "arbitrary and capricious" standard is "narrow, and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (citation and quotation marks omitted). An agency's decision is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.* The decision may also be arbitrary and capricious if the agency "contravene[s] its own regulations." *Cox v. Benson*, 548 F.2d 186, 189 (7th Cir. 1977).

While the APA "marks the full extent of judicial authority to review executive agency action for procedural correctness, it creates varying, but overlapping, standards of review depending on the issue." *RJMC Farms*, 661 F. Supp. 3d at 832 (quoting *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009) and citing *Fox v. Clinton*, 684 F.3d 67, 75 (D.C. Cir. 2012)). Here, as in *RJMC Farms*, the standard differs for each issue and is discussed in each respective section.

### III.    DISCUSSION

In its Complaint for declaratory relief, Lilly asserts three claims: (1) Violation of the Administrative Procedure Act (Declaratory/Injunctive Relief – FDA's Refusal to Designate Retatrutide as a Biological Product Exceeds the Agency's Statutory Authority); (2) Violation of the Administrative Procedure Act (Declaratory/Injunctive Relief – FDA's Refusal to Designate Retatrutide as a Biological Product Violates the Agency's Own Regulations); (3) Violation of the Administrative Procedure Act (Declaratory/Injunctive Relief – FDA's Refusal to Designate Retatrutide as a Biological Product is Arbitrary, Capricious, and an Abuse of Discretion). (Filing No. 1 at 26-28). In their cross-motions for summary judgment, the parties do not squarely address Lilly's first claim for relief, consequently, this Order addresses only claims two and three.

Lilly argues that FDA acted arbitrarily and capriciously by failing to designate retatrutide as a protein or at least analogous to a protein, contravening its own regulations and congressional intent. Lilly asks the Court to set aside FDA's designation decision and enter an injunction requiring FDA to designate retatrutide as a biological product without remanding to the agency for further review. (Filing No. 26 at 17). Conversely, FDA argues that it reasonably determined retatrutide is neither a protein nor analogous to a protein, and its decision is supported by the regulatory text, context, and history, as well as the agency's scientific reasoning. Should the Court

side with Lilly, however, FDA contends vacatur and remand is the only appropriate remedy.  (Filing No. 31).  The Court will address each argument in turn.

### A.  Designation as a Protein

In arguing that FDA acted arbitrarily and capriciously by failing to designate retatrutide as a protein, Lilly first challenges FDA's interpretation of the regulatory definition of "protein." In reviewing an agency's interpretation of its own regulations, "the appropriate framework for review" is *Kisor/Auer* deference.  *See RJMC Farms*, 661 F. Supp. 3d at 833 (citing *Auer v. Robbins*, 519 U.S. 452, 117 (1997)).  *Kisor/Auer* deference proceeds in three steps.  *See Kisor v. Wilkie*, 588 U.S. 558, 573 (2019).  First, the Court must determine if the regulation is "genuinely ambiguous" by "exhaust[ing] all the 'traditional tools' of construction," including the "text, structure, history, and purpose" of the regulation.  *Id.* at 574.  Second, if "genuine ambiguity remains," then the Court must determine whether the agency's interpretation is "reasonable."  *Id.*  Third, "the character and context of the agency interpretation" must entitle it to "controlling weight."  *Id.* at 577–79.  Because the Court finds the regulation unambiguously forecloses Lilly's reading, it is not necessary to address steps two and three.

### 1.  Step One: Ambiguity

As required, the Court begins with the text of the regulation.  *See City & Cnty. of San Francisco v. Env't Prot. Agency*, 604 U.S. 334, 346 (2025).  "The court can declare a regulation ambiguous only when more than one interpretation is plausible and the text alone does not permit a more definitive reading after its deploying traditional interpretive tools."  *RJMC Farms*, 661 F. Supp. 3d at 833 (quoting *Exelon Generation Co., LLC v. Loc. 15, Int'l Brotherhood of Elec. Workers, AFL-CIO*, 676 F.3d 566, 570 (7th Cir. 2012)).

Recall that a "protein" is "any alpha amino acid polymer with a specific, defined sequence that is greater than 40 amino acids in size." 21 C.F.R. § 600.3(h)(6). Furthermore, "[w]hen two or more amino acid chains in an amino acid polymer are associated with each other in a manner that occurs in nature, the size of the amino acid polymer … will be based on the total number of amino acids in those chains, and will not be limited to the number of amino acids in a contiguous sequence." *Id.*

Lilly contends that the plain text unambiguously forecloses a reading requiring proteins to consist of more than forty *alpha* amino acids because the regulation fails to modify "amino acid" with "alpha" each time it appears. (Filing No. 26 at 17–21). "[W]here the drafter includes particular language in one section of a law but omits it in another section of the same law, it is generally presumed that the drafter acts intentionally and purposely in the disparate inclusion or exclusion." *Id.* at 19 (cleaned up) (citing *Russello v. United States*, 464 U.S. 16, 23 (1983)). In addition, because "the size of the amino acid polymer … will be based on the *total* number of amino acids in those chains," 21 C.F.R. § 600.3(h)(6) (emphasis added), both alpha and non-alpha amino acids count towards the greater-than-forty requirement. (Filing No. 26 at 20).

Defendants contend, by contrast, that the text unambiguously requires proteins to contain greater than forty *alpha* amino acids because the introductory word, "alpha," implicitly modifies the terms that follow. (Filing No. 31 at 17). "Whether a speaker intends for a listener to distribute words implicitly depends on the context and the relevant background understandings of the parties." *Id.* (cleaned up) (citing *Pulsifer v. United States*, 601 U.S. 124, 134 (2024)). Here, the relevant background is that of scientists who understand that "in most contexts, the term 'amino acids' refers to the alpha amino acids." *Id.* at 18.

9

As an initial matter, neither the PHSA nor FDA regulations define "amino acid," "alpha amino acid," or "alpha amino acid polymer." And neither "alpha amino acid" nor "alpha amino acid polymer" appear elsewhere in the regulation. Thus, the phrase "alpha amino acid polymer" must be considered in context, particularly in conjunction with the words around it. Basic grammar dictates that "alpha amino acid polymer" means a polymer made up of alpha amino acids. Therefore, the most natural reading of "alpha amino acid polymer … that is more than 40 amino acids" is a polymer with more than forty *alpha* amino acids. Otherwise, the "alpha" modifier does no work, and the term becomes superfluous.

To Lilly's credit, courts usually presume that drafters act intentionally by using particular language in one part of a statute or regulation but omitting in another. *See City & Cnty. of San Francisco*, 604 U.S. at 344. So too, when the disparate language appears in the "same sentence." *Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 392 (2015). But even where disparate terms appear in the same sentence, the court analyzes the unqualified term by reference to a qualified term that appears elsewhere throughout the statute. *See id.* at 391. In *MacLean*, for instance, the so-called *Russello* presumption applied "with particular force" because Congress used "law" and "law, rule, or regulation" in close proximity, and because Congress used the phrase "law, rule, or regulation" repeatedly throughout the statute. *Id.* at 392. The phrases could be analyzed in isolation because at least one phrase had a consistent meaning throughout the statute.

Here, by contrast, the phrase "alpha amino acid polymer" is neither defined nor used repeatedly throughout the regulation, so the Court cannot analyze it in isolation. The agency made the deliberate choice to narrow the type of polymer—and by implication, the type of amino acid––relevant for determining whether a product is a "protein." Therefore, the most natural reading of

"alpha amino acid polymer" requires analyzing that phrase in conjunction with, rather than in isolation from, the term "amino acid" each time it appears within the same regulatory definition.

Other contextual and historical clues support this reading. Here, Defendants contend that it is "common knowledge" in the field of biochemistry that "amino acid" almost always means "alpha amino acid." (Filing No. 31 at 18 (citing Filing No. 35 at 265)). Scientific texts confirm this understanding, which further define "alpha amino acids" as "organic molecules" that are the "building blocks of proteins." (Filing No. 35 at 265, 268 (S. Maloy, *Amino Acids, Brenner's Encyclopedia of Genetics* (2d Ed. 2013); Antonin Ginguay & Luc A. Cynober, *Amino Acids, Encyclopedia of Biological Chemistry* (3d Ed. 2021)). From that premise, FDA has opined that "[a]ll amino acids that are constituents of proteins are alpha amino acids[.]" (Filing No. 35 at 4 (citing Jeremy M. Berg, John L. Tymoczko, & Lubert Stryer, *Biochemistry* 27 (6th Ed. 2007)). Indeed, Lilly itself suggested that FDA define "protein" by reference to its "[alpha] amino acids" following FDA's interpretation of the 2009 amendment to the PHSA. (*See* Filing No. 35 at 51).

Lilly insists that because Congress amended the PHSA to remove the parenthetical "(except chemically synthesized polypeptides)," it meant to include proteins that are not naturally occurring. (Filing No. 33 at 17). Fair enough, but even "chemically synthesized polypeptides" are defined, in part, by the presence of an "alpha amino acid polymer." (*See* Filing No. 35 at 4, 38). As FDA rightly points out, striking the parenthetical merely "broadened the ways in which a protein under the PHSA can be *made*"—it did not alter the fundamental character of proteins themselves. (Filing No. 34 at 10; *see also* (Filing No. 35 at 38 (defining "chemically synthesized polypeptides" as "any alpha amino acid polymer that is "*made entirely by chemical synthesis*" and "is less than 100 amino acids in size.")). Thus, even if Congress intended to include non-naturally occurring proteins in

11

its definition of "biological product," that does not foreclose FDA's interpretation requiring proteins to contain at least forty *alpha* amino acids.

Still, Lilly counters that just because proteins must be "applicable to the prevention, treatment, or cure of a disease or condition of human beings," 42 U.S.C. § 262(i)(1), does not mean that a protein must itself be limited to those in human beings. (Filing No. 33 at 17).  That's true, but this argument overstates FDA's position.  Yes, the agency was particularly concerned with human proteins given that the regulation is meant to define a category of biological products intended for the treatment of "human beings."  But as the Court understands it, FDA has not taken the position that *only* proteins found in human beings are biological products.  Instead, "[t]he definition was … based on proteins in nature, especially"—but not exclusively—"those in humans."  (Filing No. 31 at 19).

At bottom, the regulation unambiguously requires that proteins contain at least forty-one alpha amino acids.  Because retatrutide contains forty alpha amino acids at most, the agency did not violate its own regulations and its decision not to designate retatrutide as a protein was not arbitrary and capricious.

### A.  Analogous to a Protein

Alternatively, Lilly argues that even if retatrutide does not meet the regulatory definition for "protein," it is at least "analogous" to a protein. (Filing No. 26 at 26).  As noted above, the PHSA defines "biological product" to include a "protein, *or analogous product* … applicable to the prevention, treatment, or cure of a disease or condition of human beings." 42 U.S.C. § 262(i)(1).  As the U.S. Supreme Court recently held in *Loper Bright Enterprises v. Raimondo*, "courts must exercise independent judgment in determining the meaning of statutory provisions." 603 U.S. 369, 394 (2024).  However, an agency's interpretation of a statute "may be especially

informative to the extent it rests on factual premises within the agency's expertise."  *Id.* at 402 (citing *Bureau of Alcohol, Tobacco and Firearms v. FLRA*, 464 U.S. 89, 98, n. 8 (1983)).

The FDA has not promulgated a rule defining "analogous product."  Instead, it takes the general position that "it would not be appropriate for the statutory term 'analogous product' to be interpreted in a way that would include products that are specifically excluded by the final rule defining 'protein.'"  (Filing No. 31 at 29).  Adopting Lilly's argument that retatrutide is analogous to a protein, FDA says, "would undo the bright line principle established by the rule, and effectively include alpha amino acid polymers with fewer than 41 alpha amino acids within the scope of a rule that was intended to exclude them."  (Filing No. 35 at 258).  With respect to retatrutide, specifically, FDA found it cannot be analogous to a protein because it does not share the "fundamental defining property" of being greater than forty alpha amino acids in size.  *Id.* at 259.

Lilly challenges FDA's conclusion on several grounds.  First, Lilly argues that retatrutide is "analogous" to a protein because it shares nearly every defining feature with proteins: it contains forty-one total amino acids in a specific, defined sequence, and it shares key structural and functional characteristics of proteins.  (Filing No. 26 at 26–27).  In response, Defendants contend that while retatrutide may share certain characteristics with proteins, it is dissimilar to proteins in the most fundamental way, and therefore, cannot be "analogous" to a protein.  (Filing No. 31 at 30).

The meaning of "analogous" is a question of law for the court to decide.  *Loper Bright*, 603 U.S. at 391–92.  To be "analogous," a product must be "similar or comparable to something else either in general or in some specific detail." Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/analogous (last visited Sept. 26, 2025).  However, courts have determined that whether a product is "similar or comparable to" a protein in the relevant respects is an issue

of scientific fact best left to the FDA. *See Teva Pharm. USA, Inc. v. United States Food & Drug Admin.*, 514 F. Supp. 3d 66, 116 (2020). Even in the wake of *Loper Bright*, courts are permitted to leave those niche factual questions for the agency to decide. *See Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 145 S. Ct. 1497, 1512 (2025) ("The agency is better equipped to assess what facts are relevant to the agency's own decision than a court is.").

Here, FDA determined that retatrutide cannot be analogous to a protein because it does not share the "fundamental defining property" of being greater than forty alpha amino acids in size. Lilly argues that FDA took a different position in *Teva Pharmaceuticals*—namely, that the "fundamental defining property" is having "a specific, defined sequence." (Filing No. 26 at 31). For that reason, Lilly insists the agency's decision that retatrutide is not at least "analogous" to a protein was arbitrary and capricious. *Id.*

Lilly has a point. Because FDA previously took the position that the defining feature of analogous protein products is their specific, defined sequence, it cannot change course without providing "a reasoned explanation for the change." *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221 (2016) (quoting *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005)). An "unexplained inconsistency in agency policy is a reason for holding an interpretation to be an arbitrary and capricious change from agency practice." *Id.* at 222.

FDA reasons that unlike retatrutide, the product at issue in *Teva Pharmaceuticals* lacked a specific, defined sequence. (Filing No. 31 at 32). That distinction is relevant presumably because products that would be excluded from the definition of "protein"—either because they lack a specific, defined sequence *or* more than forty alpha amino acids—cannot be "analogous" to a protein. According to FDA, a more straightforward approach would undermine the "bright line

14

rule" the agency intended when it promulgated the regulatory definition of "protein." (*See* Filing No. 35 at 258).

FDA's "bright line" approach flouts the statutory text and sidesteps congressional intent. To be "analogous" means a product does not fit perfectly into one category or another. By definition, then, "analogous products" need not fit into a "bright line" rule for any category of biological products. By requiring "analogous" products to meet each and every requirement for a "protein," FDA effectively reads "analogous product" out of the statute.

FDA resists this conclusion on the ground that it has already identified at least one product that it considers analogous to a protein. (Filing No. 31 at 30). But even that product swallows the rule because it would be considered a "protein" under the regulatory definition. After *Loper Bright*, it is the Court's job to determine what the statute means, and FDA's "bright line" approach does not fit the bill.

While the FDA may have a degree of flexibility in determining the threshold for scientific similarity, *see Seven County*, 145 S. Ct. at 1512, that threshold must be clearly defined and consistently applied. Any other approach would inject confusion and result in "piecemeal litigation" concerning whether and which products are "analogous" to proteins. *See Kisor*, 588 U.S. at 572 (noting "Congress's frequent preference for resolving interpretive issues by uniform administrative decision, rather than piecemeal litigation.") (quotation marks and citation omitted).

Because the agency's decision that retatrutide is not at least analogous to a protein was not in accordance with the law, it was arbitrary and capricious and must be set aside. *See* 5 U.S.C. § 706(2)(A). However, remand is appropriate for the agency to identify, in a uniform fashion, the fundamental defining feature of "analogous" proteins. *See Fed. Power Comm'n v. Transcont'l Gas Pipe Line Corp.*, 423 U.S. 326, 331 (1976) ("If the decision of the agency 'is not sustainable on the

administrative record made, then the … decision must be vacated and the matter remanded … for further consideration.") (citation omitted).  Contrary to Lilly's contention, there is a "meaningful possibility that the agency could lawfully reach the same conclusion" if it determines the over-forty-requirement is the critical defining feature of analogous proteins.  Once FDA decides, it must revisit its determination that retatrutide is not at least "analogous" to a protein.

## IV.    <u>CONCLUSION</u>

For the reasons explained above, Plaintiff's Motion for Summary Judgment (<u>Filing No. 25</u>) is **GRANTED IN PART** and **DENIED IN PART.**  The Motion is **granted** on the claim that FDA's justifications for failing to designate retatrutide as an "analogous product" were arbitrary and capricious.  The Motion is **denied** on the claim that FDA's refusal to designate retatrutide as a protein, and hence as a biological product, violates the agency's own regulations.

Defendants' Cross Motion for Summary Judgment (<u>Filing No. 30</u>) is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is **granted** on the claim that FDA's refusal to designate retatrutide as a protein, and hence as a biological product, violates the agency's own regulations.  The Motion is **denied** on the claim that FDA's justifications for failing to designate retatrutide as an "analogous product" were arbitrary and capricious.

Having found the FDA's decision not to designate retatrutide as a biological product on the "analogous products" pathway to be arbitrary and capricious, the Court hereby **VACATES** that portion of the agency's decision and **REMANDS** it to the agency for further consideration consistent with this order.  In a separate Order, the Court will direct the parties to issue position statements as to how it should proceed with respect to the unresolved claim that FDA's refusal to designate retatrutide as a biological product exceeds the agency's statutory authority (Lilly's "First Claim for Relief") (*see* <u>Filing No. 1 at 26</u>).

**SO ORDERED**.

Date:   October 3, 2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jcacioppo@taftlaw.com

Daniel Kadane Crane-Hirsch
U.S. JUSTICE DEPT.
daniel.crane-hirsch@usdoj.gov

Jeffrey L. Handwerker
Arnold & Porter LLP
jeffrey.handwerker@arnoldporter.com

Allon Kedem
Arnold & Porter Kaye Scholer LLP
Allon.Kedem@arnoldporter.com

Donald Eugene Morgan
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
dmorgan@taftlaw.com

Daniel Reuben Yablon
Arnold & Porter Kaye Scholer LLP
daniel.yablon@arnoldporter.com

# *** PUBLIC DOCKET ***

APPEAL,CLOSED

## U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:24-cv-01503-TWP-KMB

ELI LILLY AND COMPANY v. KENNEDY et al
Assigned to: District Judge Tanya Walton Pratt
Referred to: Magistrate Judge Kellie M. Barr
Cause: 05:551 Administrative Procedure Act

Date Filed: 09/03/2024
Date Terminated: 12/16/2025
Jury Demand: None
Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**ELI LILLY AND COMPANY**      represented by

**Allon Kedem**
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
202-942-6234
Email: Allon.Kedem@arnoldporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Reuben Yablon**
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington D.C., DC 20001-3743
202-942-5009
Email: daniel.yablon@arnoldporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Donald Eugene Morgan**
TAFT STETTINIUS & HOLLISTER LLP
(Indianapolis)
One Indiana Square
Suite 3500
Indianapolis, IN 46204
(317) 713-4432
Fax: (317) 713-3699
Email: dmorgan@taftlaw.com
*ATTORNEY TO BE NOTICED*

**Jayna Morse Cacioppo**
TAFT STETTINIUS & HOLLISTER LLP
(Indianapolis)
One Indiana Square
Suite 3500
Indianapolis, IN 46204
317-713-3582
Fax: 317-713-3699
Email: jcacioppo@taftlaw.com
*ATTORNEY TO BE NOTICED*

**Jeffrey L. Handwerker**
Arnold & Porter LLP
601 Massachusetts Ave. NW
Washington, DC 20001
202-942-5000
Email: jeffrey.handwerker@arnoldporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ROBERT KENNEDY, JR.**                    represented by  **Daniel Kadane Crane-Hirsch**
*in his official capacity*                                 U.S. JUSTICE DEPT.
                                                           PO Box 386
                                                           Washington, DC 20044-0386
                                                           Email: daniel.crane-hirsch@usdoj.gov
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF HEALTH AND**          represented by  **Daniel Kadane Crane-Hirsch**
**HUMAN SERVICES**                                         (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**MARTIN MAKARY**                          represented by  **Daniel Kadane Crane-Hirsch**
*in his official capacity*                                 (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**FOOD AND DRUG ADMINISTRATION**           represented by  **Daniel Kadane Crane-Hirsch**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/03/2024 | 1 | COMPLAINT *for Declaratory and Injunctive Relief* against XAVIER BECERRA, ROBERT CALIFF, FOOD AND DRUG ADMINISTRATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES (HHS), filed by ELI LILLY AND COMPANY. (Filing fee $405, receipt number AINSDC-8318019) (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons)(Cacioppo, Jayna) (Entered: 09/03/2024) |
| 09/03/2024 | 2 | NOTICE of Appearance by Jayna Morse Cacioppo on behalf of Plaintiff ELI LILLY AND COMPANY. (Cacioppo, Jayna) (Entered: 09/03/2024) |
| 09/03/2024 | 3 | Rule 7.1 Disclosure Statement by ELI LILLY AND COMPANY. (Cacioppo, Jayna) (Entered: 09/03/2024) |
| 09/03/2024 | 4 | NOTICE of Appearance by Donald Eugene Morgan on behalf of Plaintiff ELI LILLY AND COMPANY. (Morgan, Donald) (Entered: 09/03/2024) |
| 09/03/2024 | 5 | MOTION for Attorney(s) Jeffrey L. Handwerker to Appear pro hac vice (Filing fee $100, receipt number AINSDC-8318404), filed by Plaintiff ELI LILLY AND COMPANY. (Attachments: # 1 Text of Proposed Order Order Granting Motion to Appear Pro Hac Vice)(Cacioppo, Jayna) (Entered: 09/03/2024) |
| 09/03/2024 | 6 | MOTION for Attorney(s) Allon Kedem to Appear pro hac vice (Filing fee $100, receipt number AINSDC-8318423), filed by Plaintiff ELI LILLY AND COMPANY. (Attachments: # 1 Text of Proposed Order Order Granting Motion to Appear Pro Hac Vice)(Cacioppo, Jayna) (Entered: 09/03/2024) |
| 09/03/2024 | 7 | MOTION for Attorney(s) Daniel Yablon to Appear pro hac vice (Filing fee $100, receipt number AINSDC-8318429), filed by Plaintiff ELI LILLY AND COMPANY. (Attachments: # 1 Text of Proposed Order Order Granting Motion to Appear Pro Hac Vice)(Cacioppo, Jayna) (Entered: 09/03/2024) |

| | | |
|---|---|---|
| 09/03/2024 | 8 | Summons Issued as to USA - XAVIER BECERRA, ROBERT CALIFF, FOOD AND DRUG ADMINISTRATION, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES. (DJH) (Entered: 09/03/2024) |
| 09/03/2024 | 9 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (DJH) (Entered: 09/03/2024) |
| 09/03/2024 | 10 | Notice to File Rule 7.1 Disclosure Statement. (RAGS) (DJH) (Entered: 09/03/2024) |
| 09/05/2024 | 11 | ORDER OF CASE REASSIGNMENT - The Court, sua sponte, now orders this case randomly reassigned due to the requirements of workload pursuant to S.D. Ind. L.R. 40-1(f). The Clerk is directed to randomly reassign the case to another district judge. No magistrate judge reassignment shall occur. Signed by District Judge Jane Magnus-Stinson on 9/5/2024. (JSR) (Entered: 09/05/2024) |
| 09/05/2024 | 12 | NOTICE of Reassignment of Case to Judge Tanya Walton Pratt. District Judge Jane Magnus-Stinson is no longer assigned to this case. Please include the new case number, **1:24-cv-01503-TWP-MG**, on all future filings in this matter. (CCG) (Entered: 09/05/2024) |
| 09/05/2024 | 13 | ORDER OF RECUSAL. Clerk is directed to randomly reassign case and notify parties of newly assigned Judge. Signed by Magistrate Judge Mario Garcia on 9/5/24. (NAD) (Entered: 09/05/2024) |
| 09/05/2024 | 14 | NOTICE of Reassignment of Case to Magistrate Judge Kellie M. Barr. Magistrate Judge Mario Garcia is no longer assigned to this case. Please include the new case number, **1:24-cv-01503-TWP-KMB**, on all future filings in this matter. (CCG) (Entered: 09/05/2024) |
| 09/06/2024 | 15 | ORDER - granting 7 Motion to Appear pro hac vice. Attorney Daniel Yablon for ELI LILLY AND COMPANY added. (See Order.) Signed by Magistrate Judge Kellie M. Barr on 9/6/2024. Copy to Daniel Yablon via US mail. (JSR) (Entered: 09/06/2024) |
| 09/06/2024 | 16 | ORDER granting 5 Motion to Appear pro hac vice. Attorney Jeffrey L. Handwerker for ELI LILLY AND COMPANY added. Signed by Magistrate Judge Kellie M. Barr on 9/6/2024 (Copy mailed to Attorney Handwerker). (LBT) (Entered: 09/06/2024) |
| 09/06/2024 | 17 | ORDER granting 6 Motion to Appear pro hac vice. Attorney Allon Kedem for ELI LILLY AND COMPANY added. Signed by Magistrate Judge Kellie M. Barr on 9/6/2024 (Copy mailed to Attorney Kedem). (LBT) Modified on 9/6/2024 (LBT). (Entered: 09/06/2024) |
| 09/24/2024 | 18 | NOTICE *of Service on Defendants*, filed by Plaintiff ELI LILLY AND COMPANY (Attachments: # 1 Exhibit A - Proof of Delivery) (Cacioppo, Jayna) (Entered: 09/24/2024) |
| 10/15/2024 | 19 | NOTICE *of Service*, filed by Plaintiff ELI LILLY AND COMPANY (Attachments: # 1 Exhibit A - Proof of Delivery) (Cacioppo, Jayna) (Entered: 10/15/2024) |
| 11/13/2024 | 20 | NOTICE of Appearance by Scott P. Kennedy on behalf of Defendants XAVIER BECERRA, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ROBERT CALIFF, FOOD AND DRUG ADMINISTRATION. (Kennedy, Scott) (Entered: 11/13/2024) |
| 11/22/2024 | 21 | Joint MOTION *to Set Briefing Schedule and Other Relief*, filed by Plaintiff ELI LILLY AND COMPANY. (Attachments: # 1 Text of Proposed Order)(Cacioppo, Jayna) (Entered: 11/22/2024) |
| 11/26/2024 | 22 | ORDER granting 21 Joint Motion to Set Briefing Schedule and Other Relief. Defendants shall produce the Administrative Record and file a certified index to the Administrative Record no later than December 3, 2024. Plaintiff shall file its motion for summary judgment no later than January 28, 2025. Because this is a case seeking declaratory and injunctive relief under the Administrative Procedure Act, it is further ORDERED that Defendants' obligation to answer Plaintiff's complaint is STAYED pending the Court's ruling on the cross-motions for summary judgment. See Order for additional details. Signed by Magistrate Judge Kellie M. Barr on 11/26/2024. (LBT) (Entered: 11/26/2024) |
| 11/26/2024 | 23 | ORDER REGARDING DISCOVERY DISPUTES. See Order for details. Signed by Magistrate Judge Kellie M. Barr on 11/26/2024.(LBT) (Entered: 11/26/2024) |
| 12/03/2024 | 24 | NOTICE of Filing *of Certified Index to the Administrative Record* by XAVIER BECERRA, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ROBERT CALIFF, FOOD AND DRUG ADMINISTRATION (Kennedy, Scott) (Entered: 12/03/2024) |
| 01/28/2025 | 25 | MOTION for Summary Judgment , filed by Plaintiff ELI LILLY AND COMPANY. (Cacioppo, Jayna) (Entered: 01/28/2025) |

| 01/28/2025 | 26 | BRIEF/MEMORANDUM in Support re 25 MOTION for Summary Judgment , filed by Plaintiff ELI LILLY AND COMPANY. (Cacioppo, Jayna) (Entered: 01/28/2025) |
|---|---|---|
| 03/10/2025 | 27 | Consent MOTION to Extend Deadlines *and Amend Briefing Schedule*, filed by Defendants XAVIER BECERRA, ROBERT CALIFF, FOOD AND DRUG ADMINISTRATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES. (Attachments: # 1 Text of Proposed Order)(Kennedy, Scott) (Entered: 03/10/2025) |
| 03/13/2025 | 28 | ORDER - The Court, having reviewed Defendants' Consent Motion for Extension of Time and Amendment to Briefing Schedule (ECF NO. 27 ), hereby GRANTS the motion for good cause shown and ORDERS that the schedule established in this Court's November 26, 2024 Order (ECF No. 22 ) shall be amended as follows: SEE ORDER. Signed by Magistrate Judge Kellie M. Barr on 3/13/2025. (AAS) (Entered: 03/13/2025) |
| 03/18/2025 | 29 | NOTICE of Filing *of Revised Certified Index to the Administrative Record* by XAVIER BECERRA, ROBERT CALIFF, FOOD AND DRUG ADMINISTRATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES (Kennedy, Scott) (Entered: 03/18/2025) |
| 03/18/2025 | 30 | Cross MOTION for Summary Judgment , filed by Defendants XAVIER BECERRA, ROBERT CALIFF, FOOD AND DRUG ADMINISTRATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES. (Kennedy, Scott) (Entered: 03/18/2025) |
| 03/18/2025 | 31 | BRIEF/MEMORANDUM in Support re 30 Cross MOTION for Summary Judgment *and Opposition to Plaintiff's Motion for Summary Judgment*, filed by Defendants XAVIER BECERRA, ROBERT CALIFF, FOOD AND DRUG ADMINISTRATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES. (Kennedy, Scott) (Entered: 03/18/2025) |
| 03/18/2025 | 32 | RESPONSE in Opposition re 25 MOTION for Summary Judgment *and Memorandum in Support of Cross Motion for Summary Judgment*, filed by Defendants XAVIER BECERRA, ROBERT CALIFF, FOOD AND DRUG ADMINISTRATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES. (Kennedy, Scott) (Entered: 03/18/2025) |
| 04/08/2025 | 33 | REPLY in Support of Motion re 25 MOTION for Summary Judgment *and in Opposition to 30 Defendants' Cross-Motion for Summary Judgment*, filed by Plaintiff ELI LILLY AND COMPANY. (Cacioppo, Jayna) (Entered: 04/08/2025) |
| 04/29/2025 | 34 | REPLY in Support of Motion re 30 Cross MOTION for Summary Judgment , filed by Defendants XAVIER BECERRA, ROBERT CALIFF, FOOD AND DRUG ADMINISTRATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES. (Kennedy, Scott) (Entered: 04/29/2025) |
| 04/30/2025 | 35 | SEALED *Joint Appendix*, filed by Plaintiff ELI LILLY AND COMPANY. (Cacioppo, Jayna) (Entered: 04/30/2025) |
| 04/30/2025 | 36 | Unopposed MOTION to Maintain Document Under Seal 35 SEALED Document (Case Participants - doc) *Joint Appendix*, filed by Plaintiff ELI LILLY AND COMPANY. (Attachments: # 1 Text of Proposed Order) (Cacioppo, Jayna) (Entered: 04/30/2025) |
| 04/30/2025 | 37 | BRIEF/MEMORANDUM in Support re 36 Unopposed MOTION to Maintain Document Under Seal 35 SEALED Document (Case Participants - doc) *Joint Appendix* , filed by Plaintiff ELI LILLY AND COMPANY. (Cacioppo, Jayna) (Entered: 04/30/2025) |
| 04/30/2025 | 38 | REDACTION to 35 SEALED Document (Case Participants - doc) *Joint Appendix* by ELI LILLY AND COMPANY. (Cacioppo, Jayna) (Entered: 04/30/2025) |
| 05/09/2025 | 39 | NOTICE of Substitution of Appearance by Daniel Kadane Crane-Hirsch replacing *Scott P. Kennedy* on behalf of All Defendants (Crane-Hirsch, Daniel) (Entered: 05/09/2025) |
| 05/13/2025 | 40 | ORDER ON PLAINTIFF'S MOTION TO SEAL: Pending before the Court is Plaintiff Eli Lilly and Company's Unopposed Motion to Maintain Document Under Seal. [Dkt. 36 .] Plaintiff asks the Court to maintain certain documents it filed under seal because they contain trade secrets. Plaintiff has also filed minimally redacted versions of these documents that will remain unsealed. For the reasons discussed below, the Court finds this Motion should be GRANTED. See Order. Signed by Magistrate Judge Kellie M. Barr on 5/13/2025. (LF) (Entered: 05/13/2025) |
| 05/14/2025 | 41 | MARGINAL ENTRY, re 39 Notice of Substitution of Appearance, Acknowledged. Signed by Judge Tanya Walton Pratt on 5/14/2025.(LF) (Entered: 05/14/2025) |

| 07/16/2025 | 42 | MOTION *Request for Oral Argument on Cross-Motions for Summary Judgment*, filed by Plaintiff ELI LILLY AND COMPANY. (Attachments: # 1 Text of Proposed Order)(Cacioppo, Jayna) (Entered: 07/16/2025) |
|---|---|---|
| 07/22/2025 | 43 | ORDER granting 42 Motion for Oral Argument on Cross-Motions for Summary Judgment - An Oral Argument Hearing is set for 8/7/2025 at 10:00 AM in room #344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before District Judge Tanya Walton Pratt. (See Order.) Signed by District Judge Tanya Walton Pratt on 7/22/2025. (JSR) (Entered: 07/23/2025) |
| 08/07/2025 | 44 | MINUTE ENTRY for proceedings held before District Judge Tanya Walton Pratt on 8/7/2025: Plaintiff appeared by counsel Allon Kedem and Donald Morgan. Defendants appeared by counsel Daniel Crane-Hirsch. The parties appeared for oral argument on Plaintiff's Motion for Summary Judgment (Filing No. 25 ) and Defendants' Cross Motion for Summary Judgment (Filing No. 30 ) at the Indianapolis Courthouse. Argument heard. The motions were taken under advisement and the Court will issue a ruling in due course. Signed by District Judge Tanya Walton Pratt. (Court Reporter David Moxley.)(SMH) (Entered: 08/07/2025) |
| 08/14/2025 | 45 | TRANSCRIPT of Oral Argument held on 08/07/2025 before District Judge Tanya Walton Pratt. (45 pages.) Court Reporter/Transcriber: David Moxley (Email: dmoxley@outlook.com). Please review Local Rule 80-2 for more information on redaction procedures. Redaction Statement due 9/4/2025. Release of Transcript Restriction set for 11/12/2025. (Moxley, David) Released on 11/12/2025 (JSR). (Entered: 08/14/2025) |
| 08/14/2025 | 46 | NOTICE of FILING of OFFICIAL TRANSCRIPT of Oral Argument held before District Judge Tanya Walton Pratt on 08/07/2025 (Moxley, David) (Entered: 08/14/2025) |
| 09/30/2025 | 47 | ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT - Plaintiff's Motion for Summary Judgment (Filing No. 25 ) is GRANTED IN PART and DENIED IN PART. The Motion is granted with respect to FDA's decision not to designate retatrutide as "analogous" to a protein and denied with respect to the decision that retatrutide is not a "protein" under the regulatory definition. Defendant's Cross Motion for Summary Judgment (Filing No. 30 ) is similarly GRANTED IN PART and DENIED IN PART. That motion is granted with respect to FDA's decision that retatrutide is not a "protein" and denied with respect to the decision not to designate retatrutide as "analogous" to a protein. The FDA's decision that retatrutide is not at least "analogous" to a protein is VACATED and REMANDED to the agency for further consideration. (See Order.) Signed by District Judge Tanya Walton Pratt on 9/30/2025. (JSR) (Entered: 09/30/2025) |
| 10/03/2025 | 48 | AMENDED ORDER - ON CROSS-MOTIONS FOR SUMMARY JUDGMENT; Plaintiff's Motion for Summary Judgment (Filing No. 25 ) is GRANTED IN PART and DENIED IN PART. The Motion is granted on the claim that FDA's justifications for failing to designate retatrutide as an "analogous product" were arbitrary and capricious. The Motion is denied on the claim that FDA's refusal to designate retatrutide as a protein, and hence a biological product, violates the agency's own regulations. Defendants' Cross Motion for Summary Judgment (Filing No. 30 ) is GRANTED IN PART and DENIED IN PART. The Motion is granted on the claim that FDA's refusal to designate retatrutide as a protein, and hence as a biological product, violates the agency's own regulations. The Motion is denied on the claim that FDA's justifications for failing to designate retatrutide as an "analogous product" were arbitrary and capricious. Having found the FDA's decision not to designate retatrutide as a biological product on the "analogous products" pathway to be arbitrary and capricious, the Court hereby VACATES that portion of the agency's decision and REMANDS it to the agency for further consideration consistent with this order. *** SEE ORDER ***. Signed by District Judge Tanya Walton Pratt on 10/3/2025.(CKM) (Entered: 10/03/2025) |
| 10/03/2025 | 49 | ORDER - REQUESTING POSITION STATEMENTS; On September 30, 2025, the Court entered summary judgment in favor of Defendants Robert Kennedy, Jr., U.S. Department of Health and Human Services, Martin Makary, and Food and Drug Administration on the claim that FDA's refusal to designate retatrutide as a protein, and hence as a biological product, violated the agency's own regulations (Lilly's "Second Claim for Relief") (see Filing No. 1 at 26-27). The Court entered summary judgment in favor of Plaintiff Eli Lilly and Company on the claim that FDA's justifications for failing to designate retatrutide as an "analogous product" were arbitrary and capricious (Lilly's "Third Claim for Relief") (see Filing No. 1 at 27). Accordingly, the Court set aside FDA's "analogous product" determination and remanded that decision to the agency for further consideration. The Court's order does not resolve all of Plaintiff's claims in the Complaint (Filing No. 1). Therefore, by no later than Friday, October 24, 2025 the parties shall submit their positions statements on how the Court should proceed with respect to the unresolved claim that FDA's refusal to designate retatrutide as a biological product exceeds the agency's statutory authority (Lilly's "First Claim for Relief") (see Filing No. 1 at 26). Signed by District Judge Tanya Walton Pratt on 10/3/25. (CKM) (Entered: 10/03/2025) |
| 10/09/2025 | 50 | Unopposed MOTION to Stay *Parties' Statements of Position*, filed by Defendants FOOD AND DRUG ADMINISTRATION, ROBERT KENNEDY, JR., MARTIN MAKARY, U.S. DEPARTMENT OF HEALTH |

| | | AND HUMAN SERVICES. (Attachments: # 1 Text of Proposed Order)(Crane-Hirsch, Daniel) (Entered: 10/09/2025) |
|---|---|---|
| 10/10/2025 | 51 | SCHEDULING ORDER - Upon consideration of Defendants' unopposed motion for stay (ECF No. 50 ), and the entire record in this matter, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that: (See Order.) Signed by District Judge Tanya Walton Pratt on 10/10/2025. (JSR) (Entered: 10/10/2025) |
| 11/24/2025 | 52 | ORDER REQUESTING POSITION STATEMENTS - The Court orders that the stay in this case is lifted. Parties are ordered to submit position statements on or before December 15, 2025. SEE ORDER. Signed by District Judge Tanya Walton Pratt on 11/24/2025.(JRB) (Entered: 11/25/2025) |
| 12/15/2025 | 53 | Statement *Joint Position* by ELI LILLY AND COMPANY. (Attachments: # 1 Text of Proposed Order) (Cacioppo, Jayna) (Entered: 12/15/2025) |
| 12/16/2025 | 54 | ORDER AND FINAL JUDGMENT - The Court, having made its Entry directing the entry of final judgment, now enters FINAL JUDGMENT. For the reasons explained in the Court's Amended Order on Cross-Motions for Summary Judgment (Filing No. 48 ), it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (Filing No. 25 ) is GRANTED IN PART and DENIED IN PART, and that Defendants' Cross Motion for Summary Judgment (Filing No. 30 ) is GRANTED IN PART and DENIED IN PART. Consistent with the Court's Amended Order on Cross-Motions for Summary Judgment, the Court hereby VACATES the agency's designation decision and REMANDS to the agency for further proceedings on Plaintiff's "analogous" products claim. This Order and Final Judgment constitutes a final judgment of the Court within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure. Signed by District Judge Tanya Walton Pratt on 12/16/2025. (JRB) (Entered: 12/17/2025) |
| 02/12/2026 | 55 | NOTICE OF APPEAL as to 54 Closed Judgment, filed by Plaintiff ELI LILLY AND COMPANY. (Filing fee $605, receipt number AINSDC-9116224) (Cacioppo, Jayna) (Entered: 02/12/2026) |
| 02/12/2026 | 56 | DOCKETING STATEMENT by ELI LILLY AND COMPANY re 55 Notice of Appeal (Cacioppo, Jayna) (Entered: 02/12/2026) |
| 02/17/2026 | 57 | PARTIES' SHORT RECORD re 55 Notice of Appeal - **Instructions for Attorneys/Parties attached.** (KAA) (Entered: 02/17/2026) |

**Case #: 1:24-cv-01503-TWP-KMB**